Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Jacksonville Division

| | |
|---|---|
| Ashanti Thomas Pro Se<br><br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br><br>-v-<br><br>Cavalry Portfolio Services, LLC<br>Cavalry Portfolio Services, LLC<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 3:23-cv-1142-BJD-JBT<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.   The Parties to This Complaint**

**A.   The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Ashanti Thomas
Street Address: 1712 Silver St
City and County: Jacksonville Duval
State and Zip Code: Florida 32206
Telephone Number: 904-742-4626
E-mail Address: ashantit36@gmail.com

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name: Cavalry Portfolio Services, LLC
  Job or Title (if known):
  Street Address: 1 American Lane Suite 220
  City and County: Greenwich   Westchester
  State and Zip Code: Connecticut   06831
  Telephone Number: 914 742-4382 / 800-501-0909
  E-mail Address (if known):

Defendant No. 2
  Name: Cavalry Portfolio Services, LLC
  Job or Title (if known):
  Street Address: 4050 E Cotton Center Blvd #20 Bldg 20
  City and County: Phoenix   Maricopa
  State and Zip Code: Arizona   85040
  Telephone Number: 602-667-0128
  E-mail Address (if known):

Defendant No. 3
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

FCRA, FDCPA, FDUTPA

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

  b.  If the defendant is a corporation

    The defendant, *(name)* _____ , is incorporated under
    the laws of the State of *(name)* _____ , and has its
    principal place of business in the State of *(name)* _____ .
    Or is incorporated under the laws of *(foreign nation)* _____ ,
    and has its principal place of business in *(name)* _____ .

  *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

  The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*Complaint Attached*

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

_Complaint attached_

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09-18-2023

Signature of Plaintiff

Printed Name of Plaintiff: Ashanti Thomas

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Ashanti Thomas
1712 Silver Street
Jacksonville, Florida
32206

[ UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION]

|  |  |
|---|---|
| Ashanti Thomas<br><br>PLAINTIFF<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br><br>CALVARY PORTFOLIO SERVICES, LLC<br><br>Defendant | ) Case No.: No. [case number]<br>)<br>) **[COMPLAINT]**<br>)<br>) Jury Trial Demand Yes<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

This is a civil action for actual, statutory, punitive damages and cost of action brought by. (Plaintiff) an individual consumer against, CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY PORTFOLIO SERVICES, LLC (Defendants CPS1/CPS2 hereinafter) for violations of the Fair Credit Reporting Act 15 USC 1681 (hereinafter FCRA) FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 (hereinafter FDCPA), FLORIDA DECEPTIVE and UNFAIR TRADE PRACTICES ACT FL STAT 501.201 (hereinafter FDUTPA)

**JURISDICTION AND VENUE**

2. JURISDICTION of this Court is proper pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy. Defendants conduct business in the state of Florida.

3. The venue is proper pursuant to 28 U.S.C. 1391(b)(2)

4. JURISDICTION of this Court is proper pursuant to 28 U.S.C. 1331 because this action arises out of Defendants' CAVALRY PORTFOLIO SERVICES, LLC (CPS1/CPS2) violations of the FCRA. Defendants regularly conduct business in the State of Florida, personal jurisdiction is established.

5. VENUE is proper pursuant to 28 U.S.C. 1391 for the following reasons: (i) at the time of the incidents, Plaintiff resided in the County of Duval, State of Florida, within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) The Defendants CAVALRY PORTFOLIO SERVICES, LLC (CPS1/CPS2)conducted business within this judicial district at all times relevant.

**PARTIES AND DEFINITIONS**

6. Ashanti Thomas (Plaintiff) is a natural person who resides in the County of Duval, State of Florida. Plaintiff is an individual and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Upon information and belief CAVALRY PORTFOLIO SERVICES, LLC (CPS1) is a foreign corporation with its primary offices located at 1 AMERICAN LANE, SUITE 220, GREENWICH, CT, UNITED STATES,06831. Service of process for Defendant is Agent C T CORPORATION SYSTEM Agent Address 28 LIBERTY ST., NEW YORK, NY, 10005. This company is a debt collector as defined by 15 U.S.C. § 1681a(b).

Upon information and belief CAVALRY PORTFOLIO SERVICES, LLC (CPS2) is a foreign corporation with its primary offices located at 4050 E COTTON CENTER BLVD #20 BLDG 20,

PHOENIX, AZ, 85040, USA. Service of process for Defendant is Agent Name C T CORPORATION SYSTEM Agent Address 3800 N CENTRAL AVE SUITE 460, PHOENIX, AZ 85012, USA. This company is a debt collector as defined by 15 U.S.C. § 1681a(b).

8. Upon information and belief

9. The acts of the Defendant's as described in this Complaint were performed by the Defendant's on the Defendant's behalf by their owners, officers, agents, and or employees acting within the scope of their actual apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLIGATIONS

10. On or about 09/18/2023 Plaintiff received her Transunion Consumer report and noticed an account review inquiry from CAVALRY PORTFOLIO SERVICES, LLC(CPS1) dated 08/24/2023. This inquiry was not authorized by the Plaintiff. A true copy has been attached EXHIBIT A

11. On or about 09/18/2023 Plaintiff received her Transunion Consumer report and noticed an account review inquiry from (Defendant) CAVALRY PORTFOLIO SERVICES, LLC(CPS2) dated 08/24/2023. A true copy has been attached EXHIBIT B

12. Defendants (CPS1/CPS2) did not prove they are collecting on an "account" under the FCRA.

Defendants did not prove they had an account before pulling Plaintiff's report.

Defendants did not prove they had account-level-documentation prior to their conduct.

13. Upon information and belief Defendants also failed to provide the Consumer Reporting Agency with any certification that it had a legitimate permissible purpose to obtain Plaintiffs report.

14. Despite Defendants knowing it had no permissible purpose for obtaining Plaintiff's consumer report, Defendants regularly requests and obtains consumer reports without the consumer's knowledge or consent.

14. Defendants knowingly adopted policies and procedures to routinely obtain consumer reports without a permissible purpose in reckless disregard for its legal obligations under State and Federal laws, statutes, and rules.

15. Plaintiff never initiated a consumer credit transaction with the Defendants nor had an account with the Defendants.

16. Plaintiff never entered into a contract with the Defendants.

17. Plaintiff never gave any consent to Defendants to access her consumer report.

18. Plaintiff has the interest and right to be free from deceptive, misleading collection practices.

19. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by Defendant to Plaintiff specifically.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of her consumer report. Plaintiff feels resentment at being treated unfairly knowing a third party has gained access to her sensitive and confidential information without permission, consent or a legally recognized purpose.

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of her privacy. The intrusion into Plaintiffs personal

information has caused a feeling of vulnerability, worry, and anxiety which lead to sleepless nights and headaches.

22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of time into research and learning how to defend against the Defendant's invasion of privacy.

23.   Plaintiff's injury is directly traceable to Defendant's conduct because if it were not for the Defendant's conduct, Plaintiff would not have been deprived of her rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the Defendant's actions.

24.   Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

25.   Plaintiff justifiably fears that, absent this court's intervention, Defendants CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

27. A favorable decision herein would redress Plaintiff's injury with monetary damages.

28. A favorable decision herein would serve to deter Defendant's from further similar conduct.

**COUNT I VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. 1681b(f) DEFENDANTS CREDENCE RESOURCE MANAGEMENT, LLC AND RESURGENT CAPITAL SERVICES, L.P.**

29. All preceding paragraphs are realleged.

30. Defendant's CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) actions violated 15 U.S.C. 1681b(f). Permissible Purpose

31. The Defendants violations include but are not limited to the following:

(a) CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) violated 15 U.S.C. 1681b(f) by failing to have a permissible purpose to obtain Plaintiff consumer report pursuant to 15 U. S. C. 1681b.

(b) CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) did not have a court order to obtain Plaintiff's consumer report.

(c) Plaintiff never gave written permission for CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) to obtain her consumer report.

(d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. 1693a(2), with neither CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2)

(e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C. 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 of this title, as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bone fide trust agreement;

(f) CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) does not have an account with the plaintiff according to the definition above.

32. As a result CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) violations of the Fair Credit Reporting Act, the Defendants are each liable under 15 U.S.C. 1681n(a)(1)(B) for damages of $1000 per violation.

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692e(10) DEFENDANTS CREDENCE RESOURCE MANAGEMENT, LLC AND RESURGENT CAPITAL SERVICES, L.P.

33. All preceding paragraphs are realleged.

34. Defendants CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) actions violated 15 U.S.C. 1692e(10) False or misleading representations

35. The Defendants violations include but are not limited to the following:

(a)    CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) are both DEBT COLLECTORS violated 15 U.S.C. 1692e(10) At the time Defendant's obtained Plaintiff consumer report, neither Defendant's had a permissible purpose to obtain her consumer report.

(b)    Upon information and belief false representation of a permissible purpose was committed in an effort to obtain Plaintiff's consumer report, which caused this conduct to be deceptive unfair and misleading.

(c)    By making false representations to access Plaintiff's credit report information, each Defendant violated 15 U.S.C. 1692e(10)

(d)    As a result, Plaintiff suffered damages including emotional distress, sleeplessness, wasted time, and anxiety.

36. Defendant's violation of the Fair Debt Collection Practices Act directly and proximately caused Plaintiff to suffer damages. Plaintiff's damages include emotional distress, lost time, sleeplessness and inconvenience caused by Defendant's willful failure to comply with the requirements of the statute.

37. These damages were reasonably foreseeable at the time of Defendant's violation. But for Defendant's unlawful actions, Plaintiff would not have suffered these damages. Therefore, Defendant's conduct was the direct and proximate cause of Plaintiff's injuries.

38. As a result, CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) violations of the FAIR DEBT COLLECTION PRACTICES ACT, the Defendants are each liable under 15 U.S.C. 1692k(a)(1) actual damages, 15 U.S.C. 1692k(a)(2)(A) statutory damages of $1000 per action.

**COUNT III VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT 501.201/501.005 DEFENDANTS CREDENCE RESOURCE MANAGEMENT, LLC AND RESURGENT CAPITAL SERVICES, L.P.**

39. All preceding paragraphs are realleged.

40. Defendants CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) actions violated FDUTPA, Chapter 501.201 Florida Deceptive and Unfair Trade Practices Act 501.005(16)(a)(b) By failing to have a permissible purpose to obtain Plaintiff's consumer report. False representation of a permissible purpose. Using deceptive and unfair practices to obtain Plaintiff's consumer report.

41. Defendant's violations include but are not limited to the following:

42. At the time the Defendants obtained Plaintiff's consumer report, neither Defendant had a permissible purpose.

43. Defendant's each violated section 501.005(16)(a)(b), 501.201, and 501.005(16)(a)(b) of the Florida Statute

(b)   Defendants CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) did not have a court order to obtain Plaintiff's consumer report.

(c)   Plaintiff never gave written permission for CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2) to obtain her consumer report.

(d)   Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. 1693a (2), with neither CAVALRY PORTFOLIO SERVICES, LLC(CPS1/CPS2).

44. Defendant's violation of the Florida Deceptive and Unfair Trade Practices Act directly and proximately caused Plaintiff to suffer damages. Plaintiff's damages include emotional distress, lost time, sleeplessness and inconvenience caused by Defendant's willful failure to comply with the requirements of the statute.

45. These damages were reasonably foreseeable at the time of Defendant's violation. But for Defendant's unlawful actions, Plaintiff would not have suffered these damages. Therefore, Defendant's conduct was the direct and proximate cause of Plaintiff's injuries.

46. Defendants per se violate FDUTPA since FCRA / FDCPA bar the same conduct that protects against the Defendant's conduct.

47. Defendant acts deceived Plaintiff to believe there was an account between Plaintiff and Defendant's. This conduct is offensive to policies put in place to

prevent this conduct. This conduct is unethical and unscrupulous it has caused Plaintiff injury.

48. Pursuant to Section 501.211(2), Florida Statutes, Defendant is liable to Plaintiff for damages of not less than $100 and not more than $1,000, plus the costs of this action.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore Plaintiff Ashanti Thomas, respectfully demands a jury trial and request that judgement be entered in favor of the Plaintiff against each of the Defendant's in the maximum amounts allowed for

(A) **Violating the FAIR CREDIT REPORTING ACT**

(B) Damages pursuant to 15 U.S.C. 1681n(a)(1)(B) of $1000 per violation per Defendant

(C) Damages pursuant to 15 U.S.C. 1681o(a)(1)(2) of $1000 per violation per Defendant

(D) Punitive damages as the court may allow pursuant to 15 U.S.C. 1681n(a)(2) and for each other further relief the court deems just and proper.

(A) **Violating the FAIR DEBT COLLECTION PRACTICES ACT**

(B) Damages pursuant to 15 U.S.C. 1692k(a)(1) and 15 U.S.C. 1692k(a)(2)(A) of $1000 per action per Defendant

(C) Punitive damages as the court may allow pursuant to 15 U.S.C. 1681n(a)(2) and for each other further relief the court deems just and proper.

(A) **Violating FLORIDA DECEPTIVE and UNFAIR TRADE PRACTICES ACT**

(B) Pursuant to Section 501.211(2), Florida Statutes, Defendant is liable to Plaintiff for damages of not less than $100 and not more than $1,000, plus the costs of this action.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper use, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 18th day of Sept. 2023

Ashanti Thomas

1712 Silver Street

Jacksonville, Florida

32206

ashantit36@gmail.com